# Exhibit A

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

(12/3/01) CCG0001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

Erica Santiago, )
                   )
                   )
                Plaintiff, )
                   )              No.     17L012243
     v.                       )
                   )
Alissa Carlson, M.D., et al. )       **PLEASE SERVE**:
                   )       See Reverse Side for Service List
              Defendant.   )

### SUMMONS

**To each defendant:**

      **YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location:

      [x]     Richard J. Daley Center, 50 W. Washington, Room __801__, Chicago, Illinois 60602

      ☐     District 2 – Skokie         ☐     District 3 – Rolling Meadows    ☐     District 4 – Maywood
               5600 Old Orchard Rd.                   2121 Euclid                            1500 Maybrook Ave.
               Skokie, IL 60077                        Rolling Meadows, IL 60008         Maywood, IL 60153

      ☐     District 5 – Bridgeview      ☐     District 6 – Markham
               1022 S. 76th Ave.                     16501 S. Kedzie Pkwy.
               Bridgeview, IL 60455                Markham, IL 60426

**You must file within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

      This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Atty. No.: 46603                                  WITNESS,               NOV 3 0 2017
Name: Burke Wise Morrissey & Kaveny
Atty. For: Plaintiff
Address: 161 N. Clark St., Suite 3250                  Clerk of Court
City/State/Zip: Chicago, IL 60601                   Date of service:_____
Telephone: (312) 580-2040                         (To be inserted by officer on copy left with defendant
                                                        or other person)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**PLEASE SERVE**:

Kathryn M. McKenny, M.D.
851 North Hoyne Avenue
Apartment #1-F
Chicago, Illinois 60622

Alissa R. Carlson, M.D.
3917 West Dakin Street
Chicago, Illinois 60618

The McGaw Medical Center of Northwestern University
c/o Registered Agent: Grant P. Upson
240 East Huron Street
Suite 1-200
Chicago, Illinois 60611

Erie Family Health Center, Inc.
c/o Registered Agent: Lee Francis
1701 West Superior Street
Chicago, Illinois 60622

Northwestern Memorial Hospital
c/o Registered Agent: Danae Prousis
211 East Ontario Street
Suite 1800
Chicago, Illinois 60611

DOC.TYPE: LAW
CASE NUMBER: 17L012243
DEFENDANT
ERIE FAMILY HEALTH CENTER INC
1701 W SUPERIOR ST
CHICAGO, IL 60622

SERVICE INF
RM 801 RA L

DIE DATE
12/23/2017

ATTACHED

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ERICA SANTIAGO

        Plaintiff,

    v

ALISSA CARLSON, M.D., KATE
MCKENNEY M.D., ERIE FAMILY
HEALTH CENTER, INC, an Illinois Non-for-
profit corporation, THE MCGAW MEDICAL
CENTER OF NORTHWESTERN
UNIVERSITY, an Illinois Non-for-profit
corporation, ADRIA MORA, M.D., and
NORTHWESTERN MEMORIAL
HOSPITAL, an Illinois not-for-profit
corporation.

        Defendants.

2017L012243
CALENDAR/ROOM R
TIME 00:00
Medic

No.

***Plaintiff Demands Trial***

Attorney Affidavits Att

Physician Reports Attached

## AT LAW

## Facts Common to All Counts

Plaintiff, ERICA SANTIAGO, by her attorneys, BURKE WISE MORRISSEY

KAVENY LLC, complaining of the above captioned Defendants, states as follows:

    1.    Defendant, ALISSA CARLSON, M.D. ("DR. CARLSON"), is a physician,

licensed to practice medicine in the State of Illinois, who specializes in the practice of Obstetrics

& Gynecology.

    2.    Defendant, KATE MCKENNEY M.D. ("DR. MCKENNEY"), is a physician,

licensed to practice medicine in the State of Illinois, who specializes in the practice of Obstetrics

& Gynecology.

3.     Defendant, ADRIA MORA, M.D., ("DR. MORA"), is a physician, licensed to practice medicine in the State of Illinois, who specializes in the practice of Obstetrics & Gynecology.

4.     Defendant, ERIE FAMILY HEALTH CENTER, INC, is an Illinois Non-for-profit corporation.

5.     On December 8, 2015, and at all time relevant to this cause of action, DR. CARLSON was an agent, servant or employee of ERIE FAMILY HEALTH CENTER, INC.

6.     Defendant, THE MCGAW MEDICAL CENTER OF NORTHWESTERN UNIVERSITY, is an Illinois Non-for-profit corporation.

7.     On December 8, 2015, and at all time relevant to this cause of action, DR. MCKENNEY was an agent, servant or employee of THE MCGAW MEDICAL CENTER OF NORTHWESTERN UNIVERSITY.

8.     On December 8, 2015, and at all time relevant to this cause of action, DR. MORA was an agent, servant or employee of THE MCGAW MEDICAL CENTER OF NORTHWESTERN UNIVERSITY.

9.     On December 8, 2015, and at all time relevant to this cause of action, DR. MCKENNEY was an agent, servant or employee of Northwestern Memorial Hospital.

10.     On December 8, 2015, and at all time relevant to this cause of action, DR. CARLSON was an agent, servant or employee of Northwestern Memorial Hospital.

11.     On December 8, 2015, and at all time relevant to this cause of action, DR. MORA was an agent, servant or employee of Northwestern Memorial Hospital.

12.     On December 8, 2015, and at all time relevant to this cause of action, Northwestern Memorial Hospital was a licensed and accredited hospital in the State of Illinois.

13.     On December 8, 2015, and at all time relevant to this cause of action, NORTHWESTERN MEMORIAL HOSPITAL provided nursing care and treatment by and through their employee nurses to patients admitted to the facility

14.     On December 8, 2015, and at all time relevant to this cause of action, ERICA SANTIAGO received care and treatment from the nursing staff at NORTHWESTERN MEMORIAL HOSPITAL.

15.     On December 2, 2015 Erica Santiago was pregnant.

16.     On December 2, 2015, Erica Santiago was delivered by Cesarean Section at Northwestern Memorial Hospital.

17.     On December 5, 2015, Erica Santiago was discharged from Northwestern Memorial Hospital.

18.     On December 8, 2015 at approximately 13:00, Erica Santiago arrived at the Emergency Department at Northwestern Memorial Hospital.

19.     On December 8, 2015 at approximately 18:27, Erica Santiago was transferred to the gynecology floor.

20.     While in the Emergency Department, Erica Santiago had a history of constipation.

21.     While in the Emergency Department, Erica Santiago had a history of abdominal pain.

22.     While in the Emergency Department, Erica Santiago had an elevated White Blood Cell count of 11.1.

23.     Upon admission to the Gynecology floor, Erica Santiago had a blood pressure of 102/59 and a pulse of 126 and a temperature of 97.3

24. On December 8-9, 2015 and at all times relevant herein, Erica Santiago received care and treatment from Dr. CARLSON while on the gynecology floor.

25. On December 8, 2015 and at all times relevant herein, Erica Santiago received care and treatment from Dr. MCKENNEY while on the gynecology floor.

26. On December 9, 2015 and at all times relevant herein, Erica Santiago received care and treatment from Dr. MORA while on the gynecology floor.

27. On December 8-9, 2015 and at all times relevant herein, Erica Santiago received care and treatment from the nursing staff at Northwestern Memorial Hospital while on the gynecology floor.

28. At 0250 on December 9, 2015, a Rapid Response team was called for Ms. Santiago.

29. At 0330 on December 9, 2015, Erica Santiago underwent a surgery which revealed purulent peritonitis.

30. Plaintiff re-pleads and re-alleges paragraphs 1 through 29 and fully incorporates the same herein.

31. On December 8-9, 2015, DR. CARLSON was negligent in one or more of the following respects:

    a. Failed to include Septic Abdomen on the differential diagnosis list at 20:37;

    b. Failed to adequately assess Ms. Santiago for an infectious cause of her abdominal complaints and findings at 20:37;

    c. Failed to order repeat labs at 20:37 including, but not limited to, CBC, CMP, and lactate;

    d. Failed to order an abdominal CT STAT at 20:37;

    e. Failed to include septic abdomen on the differential diagnosis list at 01:31;

    f. Failed to adequately assess Ms. Santiago for an infectious cause of her abdominal complaints and findings at 01:31;

g. Failed to order repeat labs at 01:31 including, but not limited to, CBC, CMP, and lactate;

h. Failed to order an abdominal CT STAT at 01:31;

32.     As a direct and proximate result of one or more of the aforesaid negligent acts or omissions, ERICA SANTIAGO sustained injuries of a personal and pecuniary nature.

33.     An affidavit of the plaintiff's attorney is attached hereto as Exhibit A, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ICLS 5/2-622).

34.     A report of physician is attached hereto as Exhibit B, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ICLS 5/2-622).

WHEREFORE, Plaintiff, ERICA SANTIAGO prays for judgement against the defendants, ALISSA CARLSON, M.D., in excess of the minimum jurisdictional requirements for assignment of this case to the Law Division of the Circuit Court of Cook County.

35.     Plaintiff re-pleads and re-alleges paragraphs 1 through 29 and fully incorporates the same herein.

36.     On December 8-9, 2015, ERIE FAMILY HEALTH CENTER, INC, by and through the acts and/or omissions of Dr. Carlson was negligent in one or more of the following respects:

a. Failed to include Septic Abdomen on the differential diagnosis list at 20;37;

b. Failed to adequately assess Ms. Santiago for an infectious cause of her abdominal complaints and findings at 20:37;

c. Failed to order repeat labs at 20:37 including, but not limited to, CBC, CMP, and lactate;

d. Failed to order an abdominal CT STAT at 20:37;

e. Failed to include septic abdomen on the differential diagnosis list at 01:31;

f. Failed to adequately assess Ms. Santiago for an infectious cause of her abdominal complaints and findings at 01:31;

g. Failed to order repeat labs at 01:31 including, but not limited to, CBC, CMP, and lactate;

h. Failed to order an abdominal CT STAT at 01:31;

37. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions, ERICA SANTIAGO sustained injuries of a personal and pecuniary nature.

38. An affidavit of the plaintiff's attorney is attached hereto as Exhibit A, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ICLS 5/2-622).

39. A report of physician is attached hereto as Exhibit B, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ICLS 5/2-622).

WHEREFORE, Plaintiff, ERICA SANTIAGO prays for judgement against the defendants, ERIE FAMILY HEALTH CENTER, INC in excess of the minimum jurisdictional requirements for assignment of this case to the Law Division of the Circuit Court of Cook County.

40. Plaintiff re-pleads and re-alleges paragraphs 1 through 29 and fully incorporates the same herein.

41. On December 8, 2015, DR. MCKENNEY was negligent in one or more of the following respects:

a. Failed to include Septic Abdomen on the differential diagnosis list at 21:31;

b. Failed to adequately assess Ms. Santiago for an infectious cause of her abdominal complaints and findings at 21:31;

c. Failed to order repeat labs at 21:31 including, but not limited to, CBC, CMP, and lactate;

d. Failed to order an abdominal CT STAT at 21:31;

42.     As a direct and proximate result of one or more of the aforesaid negligent acts or omissions, ERICA SANTIAGO sustained injuries of a personal and pecuniary nature.

43.     An affidavit of the plaintiff's attorney is attached hereto as Exhibit A, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ICLS 5/2-622).

44.     A report of physician is attached hereto as Exhibit C, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ICLS 5/2-622).

WHEREFORE, Plaintiff, ERICA SANTIAGO prays for judgement against the defendants, KATE MCKENNEY, M.D., in excess of the minimum jurisdictional requirements for assignment of this case to the Law Division of the Circuit Court of Cook County.

## I                OF

45.     Plaintiff re-pleads and re-alleges paragraphs 1 through 29 and fully incorporates the same herein.

46.     THE MCGAW MEDICAL CENTER OF NORTHWESTERN UNIVERSITY, by and through the acts and/or omissions of Dr. McKenney was negligent in one or more of the following respects:

   a.  Failed to include Septic Abdomen on the differential diagnosis list at 21:31;
   b.  Failed to adequately assess Ms. Santiago for an infectious cause of her abdominal complaints and findings at 21:31;
   c.  Failed to order repeat labs at 21:31 including, but not limited to, CBC, CMP, and lactate;
   d.  Failed to order an abdominal CT STAT at 21:31;

47.     As a direct and proximate result of one or more of the aforesaid negligent acts or omissions, ERICA SANTIAGO sustained injuries of a personal and pecuniary nature.

48.     An affidavit of the plaintiff's attorney is attached hereto as Exhibit A, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ICLS 5/2-622).

49.     A report of physician is attached hereto as Exhibit C, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ICLS 5/2-622).

WHEREFORE, Plaintiff, ERICA SANTIAGO prays for judgement against the defendants, THE MCGAW MEDICAL CENTER OF NORTHWESTERN UNIVERSITY in excess of the minimum jurisdictional requirements for assignment of this case to the Law Division of the Circuit Court of Cook County.

50.     Plaintiff re-pleads and re-alleges paragraphs 1 through 29 and fully incorporates the same herein.

51.     On December 9, 2015, DR. MORA was negligent in one or more of the following respects:

    a.  Failed to include Septic Abdomen on the differential diagnosis list at 01:34;
    b.  Failed to adequately assess Ms. Santiago for an infectious cause of her abdominal complaints and findings at 01:34;
    c.  Failed to order repeat labs at 01:34 including, but not limited to, CBC, CMP, and lactate;
    d.  Failed to order an abdominal CT STAT at 01:34;

52.     As a direct and proximate result of one or more of the aforesaid negligent acts or omissions, ERICA SANTIAGO sustained injuries of a personal and pecuniary nature.

53.     An affidavit of the plaintiff's attorney is attached hereto as Exhibit A, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ICLS 5/2-622).

54.     A report of physician is attached hereto as Exhibit D, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ICLS 5/2-622).

WHEREFORE, Plaintiff, ERICA SANTIAGO prays for judgement against the defendants, ADRIA MORA, M.D., in excess of the minimum jurisdictional requirements for assignment of this case to the Law Division of the Circuit Court of Cook County.

### ER OF NORTHWES
### nce – Adria Mora – M.D.

55      Plaintiff re-pleads and re-alleges paragraphs 1 through 29 and fully incorporates the same herein.

56.     On December 9, 2015, THE MCGAW MEDICAL CENTER OF NORTHWESTERN UNIVERSITY, by and through the acts and/or omissions of Dr. Mora was negligent in one or more of the following respects:

    a.  Failed to include Septic Abdomen on the differential diagnosis list at 01:34;

    b.  Failed to adequately assess Ms. Santiago for an infectious cause of her abdominal complaints and findings at 01:34;

    c.  Failed to order repeat labs at 01:34 including, but not limited to, CBC, CMP, and lactate;

    d.  Failed to order an abdominal CT STAT at 01:34;

57.     As a direct and proximate result of one or more of the aforesaid negligent acts or omissions, ERICA SANTIAGO sustained injuries of a personal and pecuniary nature.

58.     An affidavit of the plaintiff's attorney is attached hereto as Exhibit A, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ICLS 5/2-622).

59.     A report of physician is attached hereto as Exhibit D, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ICLS 5/2-622).

WHEREFORE, Plaintiff, ERICA SANTIAGO prays for judgement against the defendants, THE MCGAW MEDICAL CENTER OF NORTHWESTERN UNIVERSITY in excess of the

minimum jurisdictional requirements for assignment of this case to the Law Division of the Circuit Court of Cook County.

### Staff– M.D.

60.    Plaintiff re-pleads and re-alleges paragraphs 1 through 29 and fully incorporates the same herein.

61.    On December 8-9, 2015, Northwestern Memorial Hospital, by and through the acts and/or omissions its agent, employee and/or servant nurses was negligent in one or more of the following respects:

   a.   Failed to timely notify physicians of Ms. Santiago's worsening condition when it occurred at 21:42;
   b.   Failed to adequately monitor Ms. Santiago's vitals from 21:42 thorugh the calling of the RRT at 02:50

62.    As a direct and proximate result of one or more of the aforesaid negligent acts or omissions, ERICA SANTIAGO sustained injuries of a personal and pecuniary nature.

63.    An affidavit of the plaintiff's attorney is attached hereto as Exhibit A, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ICLS 5/2-622).

64.    A report of physician is attached hereto as Exhibit E, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ICLS 5/2-622).

WHEREFORE, Plaintiff, ERICA SANTIAGO prays for judgement against the defendants, Northwestern Memorial Hospital in excess of the minimum jurisdictional requirements for assignment of this case to the Law Division of the Circuit Court of Cook County

N

**– Adria _____ – M.D.**

65.     Plaintiff re-pleads and re-alleges paragraphs 1 through 29 and fully incorporates the same herein.

66.     On December 9, 2015, NORTHWESTERN MEMORIAL HOSPITAL, by and through the acts and/or omissions of Dr. Mora was negligent in one or more of the following respects:

     a.  Failed to include Septic Abdomen on the differential diagnosis list at 01:34;
     b.  Failed to adequately assess Ms. Santiago for an infectious cause of her abdominal complaints and findings at 01:34;
     c.  Failed to order repeat labs at 01:34 including, but not limited to, CBC, CMP, and lactate;
     d.  Failed to order an abdominal CT STAT at 01:34;

67.     As a direct and proximate result of one or more of the aforesaid negligent acts or omissions, ERICA SANTIAGO sustained injuries of a personal and pecuniary nature.

68.     An affidavit of the plaintiff's attorney is attached hereto as Exhibit A, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ICLS 5/2-622).

69.     A report of physician is attached hereto as Exhibit D, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ICLS 5/2-622).

WHEREFORE, Plaintiff, ERICA SANTIAGO prays for judgement against the defendants, NORTHWESTERN MEMORIAL HOSPITAL, in excess of the minimum jurisdictional requirements for assignment of this case to the Law Division of the Circuit Court of Cook County.

**Kate**       **– M.D.**

70.     Plaintiff re-pleads and re-alleges paragraphs 1 through 29 and fully incorporates the same herein.

71.     On December 8, 2015, NORTHWESTERN MEMORIAL HOSPITAL, by and through the acts and/or omissions of Dr. McKenney was negligent in one or more of the following respects:

     a. Failed to include Septic Abdomen on the differential diagnosis list at 21:31;

     b. Failed to adequately assess Ms. Santiago for an infectious cause of her abdominal complaints and findings at 21:31;

     c. Failed to order repeat labs at 21:31 including, but not limited to, CBC, CMP, and lactate;

     d. Failed to order an abdominal CT STAT at 21:31;

72.     As a direct and proximate result of one or more of the aforesaid negligent acts or omissions, ERICA SANTIAGO sustained injuries of a personal and pecuniary nature.

73.     An affidavit of the plaintiff's attorney is attached hereto as Exhibit A, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ICLS 5/2-622).

74.     A report of physician is attached hereto as Exhibit C, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ICLS 5/2-622).

WHEREFORE, Plaintiff, ERICA SANTIAGO prays for judgement against the defendants, NORTHWESTERN MEMORIAL HOSPITAL in excess of the minimum jurisdictional requirements for assignment of this case to the Law Division of the Circuit Court of Cook County.

**Alissa         – M.D.**

75.     Plaintiff re-pleads and re-alleges paragraphs 1 through 29 and fully incorporates the same herein.

76.     On December 8-9, 2015, NORTHWESTERN MEMORIAL HOSPITAL, by and through the acts and/or omissions of Dr. Carlson was negligent in one or more of the following respects:

a.   Failed to include Septic Abdomen on the differential diagnosis list at 20:37;

b.   Failed to adequately assess Ms. Santiago for an infectious cause of her abdominal complaints and findings at 20:37;

c.   Failed to order repeat labs at 20:37 including, but not limited to, CBC, CMP, and lactate;

d.   Failed to order an abdominal CT STAT at 20:37;

e.   Failed to include septic abdomen on the differential diagnosis list at 01:31;

f.   Failed to adequately assess Ms. Santiago for an infectious cause of her abdominal complaints and findings at 01:31;

g.   Failed to order repeat labs at 01:31 including, but not limited to, CBC, CMP, and lactate;

h.   Failed to order an abdominal CT STAT at 01:31;

77.   As a direct and proximate result of one or more of the aforesaid negligent acts or omissions, ERICA SANTIAGO sustained injuries of a personal and pecuniary nature.

78.   An affidavit of the plaintiff's attorney is attached hereto as Exhibit A, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ICLS 5/2-622).

79.   A report of physician is attached hereto as Exhibit B, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ICLS 5/2-622).

WHEREFORE, Plaintiff, ERICA SANTIAGO prays for judgement against the defendants, NORTHWESTERN MEMORIAL HOSPITAL in excess of the minimum jurisdictional requirements for assignment of this case to the Law Division of the Circuit Court of Cook County.

ERICA SANTIAGO

of the Attorneys for the Plaintiff

Burke Wise Morrissey & Kaveny LLC
161 North Clark Street, Suite 3250
Chicago, IL 60601
Firm ID: 46603
T: 312-580-2040
F: 312-580-2041

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ERICA SANTIAGO,

        Plaintiff,

    v

ALISSA CARLSON, M.D., KATE
MCKENNEY M.D., ERIE FAMILY
HEALTH CENTER, INC, an Illinois Non-for-
profit corporation, THE MCGAW MEDICAL
CENTER OF NORTHWESTERN
UNIVERSITY, an Illinois Non-for-profit
corporation, ADRIA MORA, M.D.,  and
NORTHWESTERN MEMORIAL
HOSPITAL, an Illinois not-for-profit
corporation.

        Defendants.

No

***Plaintiff Demands Trial by Jury***

Attorney Affidavits Attached

Physician Reports Attached

    I, **David J. Rashid**, after first being duly sworn on oath, do hereby state that the following facts are

true and correct:

    1.    I am one of the attorneys for the plaintiff, Erica Santiago.

    2.    I have consulted and reviewed the facts of the case with a health professional who the

affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular action; (ii)

practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same

area of health care or medicine that is at issue in the particular action; and (iii) is qualified by experience or

demonstrated competence in the subject of the case.

    3.    The reviewing health professional has determined in a written report, after a review of the

medical record and other relevant material involved in the particular action, that there is a reasonable and

meritorious cause for the filing of such action against **Alissa Carlson, M.D., Kate McKenney, M.D., Erie**



PLAINTIFF'S
EXHIBIT

A

Family Health Center, Inc., The McGaw Medical Center of Northwestern University, Adria Mora, M.D. and Northwestern Memorial Hospital. A copy of the written report is attached as *Exhibit B-E* to this Complaint at Law.

      4.     I have concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action against **Alissa Carlson, M.D., Kate McKenney, M.D., Erie Family Health Center, Inc., The McGaw Medical Center of Northwestern University, Adria Mora, M.D. and Northwestern Memorial Hospital.**

**FURTHER AFFIANT SAYETH NOT.**

                                          David J. Rashid

SUBSCRIBED and SWORN to before
me this 30th day of November 2017.

                                       **M. Brick**

           Notary Public         NOTARY PUBLIC,   **OF ILLINOIS**
                            My Commission   **05/05/18**

David J. Rashid
BURKE, WISE, MORRISSEY & KAVENY LLC
Attorneys for Plaintiff
161 N. Clark Street, Suite 3250
Chicago, IL 60601
(312) 580-2040
Firm ID No. 46603

November 8, 2017


David J. Rashid
Burke Wise Morrissey & Kaveny
161 North Clark Street
Suite 3250
Chicago, Illinois 60601

Re: *Erica Santiago v. Northwestern Memorial Hospital et. al*

Mr. Rashid:

      I am a physician licensed to practice medicine in all of its branches. I am familiar with the standards of care applicable to a recent operative patient presenting to the emergency department with complaints of abdominal pain. I am familiar with the acute care provided in the Emergency Department (ED) as well as the standard of care applicable to a patient like Ms. Santiago once transferred to various units in the hospital. I work closely with nursing staff members and am familiar with the standard of care expected in the communication of critical values between the nursing staff and physicians as well as the role of the nursing staff in recording and reporting patient's vital signs.

      I have reviewed the following records:


    Delivery Admission (11/27-12/5/15)

    Sepsis Admission (12/8-12/19/15)

    R/O Wound Infection Admission (1/3-1/7/16)

    RN Notes from Delivery Admission

    RN Notes from Sepsis Admission


      Erica Santiago arrived in the ED at Northwestern Memorial Hospital at approximately 12:28 on December 8, 2015. She had a recent history of a cesarean-section delivery of a premature child due to placenta previa complicated by significant vaginal bleeding at around noon on December 2, 2015. On 12/4, she had sudden worsening of abdominal pain and a CT scan was ordered on 12/5. Significantly, it showed prominent small bowel loops consistent with ileus and a large amount of fecal material in the right and transverse colon. She was discharged home later on December 5, 2015, at her request, feeling better after bowel movements.

      Upon arrival in the ED, she was triaged as a postpartum patient with chief complaint of constipation and abdominal pain of 9/10. On arrival, her blood pressure (BP) was 98/67 and her pulse (P) was 135. The emergency physician (EP) examined Ms. Santiago at 13:15 at which time he noted that she was very uncomfortable and had persistent tachycardia and abdominal distension. The EP ordered a CBC, which was reported at 14:34 to show slightly elevated WBC of 11.1 with neutrophilia.



PLAINTIFF'S
EXHIBIT

B

An OB-Gyn consultant examined Ms. Santiago and noted that her abdominal pain was slightly worse than would be anticipated for distention from constipation. Various physicians saw Ms. Santiago while she was in the ED. X-rays and digital rectal exam were consistent with fecal impaction and ileus/obstruction. She was transferred to the gynecology floor at 18:27 where the nursing staff admitted her with BP 102/59, P 126 and temperature (T) 97.3. Ms. Santiago was seen by Dr. Alissa Carlson at 20:37. Dr. Carlson observed that Ms. Santiago was hyponatremic with otherwise normal lab values.

At 21:42, Ms. Santiago's BP dropped to 90/49, her pulse rose to 136 and her temperature dropped to 96.1. Her pain around that time was worse at 10/10. At 00:59, the nursing staff notified the MD of Ms. Santiago's "uncontrolled pain" which was accompanied by new onset emesis x1. Various physicians saw her in the 0130 time frame. At 0225 Ms. Santiago's WBC was reported as 2.9. At 02:50, the RN called a Rapid Response Team alert due to a hypotensive episode of 70/50. At 03:20 Ms. Santiago was transferred to the Operating Room where she arrived at 03:30. Surgery revealed purulent peritonitis without sign of bowel injury.

Based on my review of the records listed above and on my medical experience and expertise, it is my opinion to a reasonable degree of medical certainty that a meritorious case exists against Dr. Alissa Carlson. It is my opinion to a reasonable degree of medical certainty that on December 8-9, Dr. Alissa Carlson deviated from the standard of care in her care and treatment of Erica Santiago in the following respects:

1. Failed to include septic abdomen on the differential diagnosis list at 20:37;
2. Failed to adequately assess Ms. Santiago for an infectious cause of her abdominal complaints and findings at 20:37;
3. Failed to order repeat labs at 20:37 including, but not limited to, CBC, CMP and lactate;
4. Failed to order an abdominal CT STAT at 20:37;
5. Failed to include septic abdomen on the differential diagnosis list at 01:31;
6. Failed to adequately assess Ms. Santiago for an infectious cause of her abdominal complaints and findings at 01:31;
7. Failed to order repeat labs at 01:31, including, but not limited to, CBC, CMP and lactate;
8. Failed to order an abdominal CT STAT at 01:31;

It is my opinion to a reasonable degree of medical certainty that one or more of the above acts or omissions was a proximate cause of Erica Santiago's injuries.

November 8, 2017

David J. Rashid
Burke Wise Morrissey & Kaveny
161 North Clark Street
Suite 3250
Chicago, Illinois 60601

Re: *Erica Santiago v. Northwestern Memorial Hospital et. al*

Mr. Rashid:

      I am a physician licensed to practice medicine in all of its branches. I am familiar with the standards of care applicable to a recent operative patient presenting to the emergency department with complaints of abdominal pain. I am familiar with the acute care provided in the Emergency Department (ED) as well as the standard of care applicable to a patient like Ms. Santiago once transferred to various units in the hospital. I work closely with nursing staff members and am familiar with the standard of care expected in the communication of critical values between the nursing staff and physicians as well as the role of the nursing staff in recording and reporting patient's vital signs.

      I have reviewed the following records:

      Delivery Admission (11/27-12/5/15)

      Sepsis Admission (12/8-12/19/15)

      R/O Wound Infection Admission (1/3-1/7/16)

      RN Notes from Delivery Admission

      RN Notes from Sepsis Admission

      Erica Santiago arrived in the ED at Northwestern Memorial Hospital at approximately 12:28 on December 8, 2015. She had a recent history of a cesarean-section delivery of a premature child due to placenta previa complicated by significant vaginal bleeding at around noon on December 2, 2015. On 12/4, she had sudden worsening of abdominal pain     a CT scan     on 12/5. Si ficantly, it showed prominent small bowel loops consistent wi     eus and a l     of fecal ma     al in the right and transverse colon. She was discharged home later on December 5, 2015, at her request, feeling better after bowel movements.

      Upon arrival in the ED, she was triaged as a postpartum patient with chief complaint of const   ion and a     of   . On a   l, he     (BP) w   /67 and     (P) was l   The eme     an     exam   Ms.     5 at wh   me he n     she was very uncomfortable and had persistent tachycardia and abdominal distension. The EP ordered a CBC, which was reported at 14:34 to show slightly elevated WBC of 11.1 with neutrophilia.



PLAINTIFF'S
EXHIBIT

C

An OB-Gyn consultant examined Ms. Sant

yponatremic with otherwise normal lab values.

At 21     ,
to 96.1. Her p                                    l

bowel injury.

Based on my review of the records listed ab
my opinion to a reasonable degree of medical certai
McKenney. It i          on to a      onable      ee
McKenney dev          the sta      d of ca      he
respects:

1. Failed to include septic abdomen on the differential diagnosis list at 21:31;
2. Failed to adequately assess Ms. Santiago for an infectious cause of her abdominal complaints and findings at 21:31
3. Failed to order repeat labs at 21:31 including, but not limited to, CBC, CMP and lactate;
4. Failed to order an abdominal CT at 21:31;

It is my opinion to a reasonable degree of medical certainty that one or more of the above acts or omissions was a proximate cause of Erica Santiago's injuries.

C

November 8, 2017

David J. Rashid
Burke Wise Morrissey & Kaveny
161 North Clark Street
Suite 3250
Chicago, Illinois 60601

Re: *Erica Santiago v. Northwestern Memorial Hospital et. al*

Mr. Rashid:

      I am a physician licensed to practice medicine in all of its branches. I am familiar with the standards of care applicable to a recent operative patient presenting to the emergency department with members and am familiar with the standard of care expected in the communication of critical values between the nursing staff and physicians as well as the role of the nursing staff in recording and reporting patient's vital signs.

      I have reviewed the following records:


    Delivery Admission (11/27-12/5/15)

    Sepsis Admission (12/8-12/19/15)

    R/O Wound Infection Admission (1/3-1/7/16)

    RN Notes from Delivery Admission

    RN Notes from Sepsis Admission


      Erica Santiago arrived in the ED at Northwestern Memorial Hospital at approximately 12:28 on December 8, 2015. She had a recent history of a cesarean-section delivery of a premature child due to placenta previa complicated by significant vaginal bleeding at around noon on December 2, 2015. On 12/4, she had sudden worsening of abdominal pain and a CT scan showed prominent small bowel loops consistent with ileus and a l of fecal l al in the right and transverse colon. She was discharged home later on December 5, 2015, at her request, feeling better after bowel movements.

      Upon arrival in the ED, she was triaged as a postpartum patient with chief complaint of cons ion and of 9/10. On a l, he ressure )w /67 and (P) was The em an (EP) exam Ms. at 13:1 wh me he n she wa unc d had persis t ta ominal di n. The EP ordered a CBC, wh s re 4 to show sl tly 11.1 with philia.



PLAINTIFF'S
EXHIBIT

D

An OB-Gyn consultant examined Ms. Santiago and noted that her abdominal pain was slightly worse than would be anticipated for distention from constipation. Various physicians saw Ms. Santiago while she was in the ED. X-rays and digital rectal exam were consistent with fecal impaction and ileus/obstruction. She was transferred to the gynecology floor at 18:27 where the nursing staff admitted her with BP 102/59, P 126 and temperature (T) 97.3. Ms. Santiago was seen by Dr. Alissa Carlson at 20:37. Dr. Carlson observed that Ms. Santiago was hyponatremic with otherwise normal lab values.

At 21:42, Ms. Santiago's BP dropped to 90/49, her pulse rose to 136 and her temperature dropped to 96.1. Her pain around that time was worse at 10/10. At 00:59, the nursing staff notified the MD of Ms. Santiago's "uncontrolled pain" which was accompanied by new onset emesis x1. Various physicians saw her in the 0130 time frame. At 0225 Ms. Santiago's WBC was reported as 2.9. At 02:50, the RN called a Rapid Response Team alert due to a hypotensive episode of 70/50. At 03:20 Ms. Santiago was transferred to the Operating Room where she arrived at 03:30. Surgery revealed purulent peritonitis without sign of bowel injury.

Based on my review of the records listed above and on my medical experience and expertise, it is my opinion to a reasonable degree of medical certainty that a meritorious case exists against Dr. Adira Mora. It is my opinion to a reasonable degree of medical certainty that on December 8-9, Dr. Adira Mora deviated from the standard of care in her care and treatment of Erica Santiago in the following respects:

1. Failed to include septic abdomen on the differential diagnosis list at 01:34;
2. Failed to adequately assess Ms. Santiago for an infectious cause of her abdominal complaints and findings at 01:34;
3. Failed to order repeat labs at 21:31 including, but not limited to, CBC, CMP and lactate;
4. Failed to order an abdominal CT STAT at 01:34;

It is my opinion to a reasonable degree of medical certainty that one or more of the above acts or omissions was a proximate cause of Erica Santiago's injuries.

November 8, 2017


David J. Rashid
Burke Wise Morrissey & Kaveny
161 North Clark Street
Suite 3250
Chicago, Illinois 60601

Re: *Erica Santiago v. Northwestern Memorial Hospital et. al*

Mr. Rashid:

I am a physician licensed to practice medicine in all of its branches. I am familiar with the standards of care applicable to a recent operative patient presenting to the emergency department with complaints of abdominal pain. I am familiar with the acute care provided in the Emergency Department (ED) as well as the standard of care applicable to a patient like Ms. Santiago once transferred to various units in the hospital. I work closely with nursing staff members and am familiar with the standard of care expected in the communication of critical values between the nursing staff and physicians as well as the role of the nursing staff in recording and reporting patient's vital signs.

I have reviewed the following records:


Delivery Admission (11/27-12/5/15)

Sepsis Admission (12/8-12/19/15)

R/O Wound Infection Admission (1/3-1/7/16)

RN Notes from Delivery Admission

RN Notes from Sepsis Admission


Erica Santiago arrived in the ED at Northwestern Memorial Hospital at approximately 12:28 on December 8, 2015. She had a recent history of a cesarean-section delivery of a premature child due to placenta previa complicated by significant vaginal bleeding at around noon on December 2, 2015. On 12/4, she had sudden worsening of abdominal pain and a CT scan was ordered on 12/5. Significantly, it showed prominent small bowel loops consistent with ileus and a large amount of fecal material in the right and transverse colon. She was discharged home later on December 5, 2015, at her request, feeling better after bowel movements.

Upon arrival in the ED, she was triaged as a postpartum patient with chief complaint of constipation and abdominal pain of 9/10. On arrival, her blood pressure (BP) was 98/67 and her pulse (P) was 135. The emergency physician (EP) examined Ms. Santiago at 13:15 at which time he noted that she was very uncomfortable and had persistent tachycardia and abdominal distension. The EP ordered a CBC, which was reported at 14:34 to show slightly elevated WBC of 11.1 with neutrophilia.



PLAINTIFF'S
EXHIBIT

E

and noted that her          m
stipation. Various          ci
am were consistent with fecal impaction and
logy        at 18:27            i           itted
her with BP 102/59, P 126 and temperature (T) 97.3. Ms        iago was             l          at
20:37. Dr. Carlson observed that Ms. Santiago was hyponatremic with otherwise normal lab values.

At 21:42, Ms. Santiago's BP dropped to 90/49, her        e rose to 136 and her te        ture dro
to 96.1. Her pain around that time was worse at 10/10. At 0        , the nursing staff notifi        MD of
S    tiago's "u                    ' which was        a        b                    emesis x1. Various physicians saw
h    in the 013                    0225 Ms. S        s        C                d as 2.9. At 02:50, the RN called a
        Res        e                    to            ive episode of 70/50. At 03:20 Ms. Santiago was transferred
        Ope        g                    e            3:30. Surgery revealed purulent peritonitis without sign of
bowel injury.

llowing respects:

1.  Failed to timely notify MD of Ms. Santiago's worsening condition when it occurred
    at 21:42;
2.  Failed to adequately monitor Ms. Santiago's vitals from 21:42 through the calling of
    the RRT at 02:50.

It is my opinion to a reasonable degree of medical certainty that one or more of the above acts or
omissions was a proximate cause of Erica Santiago's injuries.